UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                                                Case No. 3:25-MJ-245-HTC

DARIUS RAFAEL WHISLER,

_____/

ORDER OF DETENTION

On August 13, 2025, the Court held a hearing on the Government's motion for pretrial detention (Doc. 7), pursuant to Bail Reform Act of 1984, as amended, 18 U.S.C. § 3141, *et seq.* Based on the information contained in the pretrial services report, the evidence proffered at the hearing, and the arguments of counsel, the Court finds Defendant shall be detained pending trial because there are no conditions or combination of conditions which will reasonably assure the safety of the community.

I.     **The Bail Reform Act**

The Bail Reform Act of 1984 provides a framework for determining whether pretrial detention is appropriate. *See* 18 U.S.C. § 3142. Although under the Act, only a limited group of offenders should be denied bail pending trial, *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007), the Act also reflects "the deep public concern ... about the growing problem of crimes committed by persons on release and the recognition that there is a small but identifiable group of particularly

dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community," *United States v. Chimurenga*, 760 F.2d 400, 403 (2d Cir. 1985) (quotations omitted). "Congress has determined that [w]hen there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *Id.* (quotations omitted) (alteration in original).

A court may release a defendant pending trial on appropriate conditions, *id.* § 3142(a)(2), or detain the defendant, *id.* § 3142(a)(4). *See Reno v. Koray*, 515 U.S. 50, 57 (1995). The court shall detain a defendant if it determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e)(1); *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988). A finding of risk of flight must be supported by a preponderance of the evidence, while a finding of danger must be supported by clear and convincing evidence. *See United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990).

"Clear and convincing evidence" entails more than a preponderance of the evidence, but less than evidence establishing a fact beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 423-25 (1979); *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (clear and convincing evidence is evidence which induces "an

3:25-mj-245-HTC

abiding conviction that the truth of its factual contentions are 'highly probable'"). "To find danger to the community under this standard of proof requires that the evidence support such a conclusion with a high degree of certainty." *Chimurenga*, 760 F.2d at 405. Additionally, "danger to the community" does not refer to simply risk of physical violence; instead, it includes a danger defendant might engage in criminal activity that is a detriment to the community. *See United States v. Ingram*, 415 F. Supp. 3d 1072, 1077 (N.D. Fla. 2019) (collecting cases). Danger to the community, thus, includes "the harm to society caused by narcotic trafficking." *Id.*

Although the burden of proof generally falls on the government, when probable cause is established in certain cases, a rebuttable presumption of detention arises that no such conditions exist. *Id.* § 3142(e)(3). Those cases are identified in § 3142(e)(3) and include an offense "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." *Id.* In a rebuttable presumption case, the defendant bears the burden of production – that is the burden of producing evidence to rebut the presumption. *See e.g., United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). While the burden is not a heavy one, even if it is met, the presumption nonetheless remains a factor for the court to consider. *See United States v. Stricklin*, 932 F.2d 1354, 1355 (10th Cir. 1991). Also, even in a rebuttable presumption case

the burden of persuasion remains with the government. *See id.* at 1354-55; *Mercedes*, 254 F.3d at 436.

This is a rebuttable presumption case because Defendant is charged in a criminal complaint with conspiracy to distribute a controlled substance and possession of controlled substances with intent to distribute, which are offenses under the Controlled Substances Act that carry a potential maximum prison sentence of 10 years or more. Docs. 1, 7. "The rebuttable presumption in 18 U.S.C. § 3142(e) exists to advance Congress' belief that those charged with serious drug crimes are necessarily a danger to the community and should be detained to protect the public, absent a showing by the defendant that he is not a danger to the community." *United States v. Kidd*, 2013 WL 142317, at *3 (N.D. Ga. Jan. 11, 2013).

To determine whether a defendant should be released on conditions or detained, courts consider the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). Although § 3142(g) identifies the factors the courts should consider, it says nothing about the relative weight a court should give them when deciding whether to release or detain a defendant. *See generally* 18 U.S.C. § 3142(g). Instead, the weight given

to each factor will inevitably vary from case to case and might even vary depending on whether the inquiry relates to a defendant's danger or to his risk of flight. *United States v. Zhang*, 55 F.4th 141, 150 (2d Cir. 2022).

## II. ANALYSIS

### A. Nature and Circumstances of the Offense Charged.

When considering the nature and circumstances of the offense, the court considers "whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). As stated above, Defendant has been charged with a crime involving controlled substances.

The possession, use, and distribution of illegal drugs represent "one of the greatest problems affecting the health and welfare of our population." *Treasury Employees v. Von Raab*, 489 U.S. 656, 668 (1989). Drug distribution causes "grave harm to society." *Harmelin v. Michigan*, 501 U.S. 957, 1002 (1991) (Kennedy, J., concurring in part). A "seller of addictive drugs may inflict greater bodily harm upon members of society than the person who commits a single assault." *Rummel v. Estelle*, 445 U.S. 263, 296 n.12 (1980) (Powell, J., dissenting). Furthermore, studies "demonstrate a direct nexus between illegal drugs and crimes of violence." *Harmelin*, 501 U.S. at 1003 (Kennedy, J., concurring).

Thus, the Court finds the nature and circumstances of the offenses charged weigh in favor of detention.

B. <u>Weight of the Evidence</u>.

This factor requires the district court to consider evidence proffered by the government which it intends to use at Defendant's trial.  In considering the weight of the evidence, the court considers both the weight of the evidence of dangerousness and the government's underlying case against the defendant.  *United States v. Berkun*, 392 F. App'x 901, 903 (2d Cir. 2010); *United States v. Norris*, 188 F. App'x 822, 830 (11th Cir. 2006).  "While it is true that the Court's determination of this factor 'neither requires nor permits a pretrial determination of guilt,' the Court can still weigh the evidence and determine whether it proves that the defendant poses a risk to others and/or is at risk of flight."  *United States v. Slatten,* 286 F. Supp. 3d 61, 67–68 (D.D.C. 2017) (internal citations omitted), *aff'd,* 712 F. App'x 15 (D.C. Cir. 2018); *United States v. Pirk,* 220 F. Supp. 3d 402, 410 (W.D.N.Y. 2016).

The weight of the evidence is a common-sense consideration.  For instance, if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself or the community if the government's allegations later prove to be true.  Alternatively, if the only evidence against a defendant is circumstantial,

contradicted, or unreliable, the defendant has less reason to duck court proceedings in the interest of proving his innocence and that evidence does not support viewing the defendant as a risk to the safety of the community. As such, the weight of the evidence against Defendant will be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate. *United States v. Blackson*, 2023 WL 1778194, at *10 (D.D.C. Feb. 6, 2023).

At the detention hearing, the government proffered as evidence the information contained in the affidavit supporting the criminal complaint, which can be summarized as follows. In May 2025, law enforcement learned that Defendant was a supplier of large quantities of methamphetamine. Over the course of the next couple of months, DEA agents conducted four controlled purchase operations during which Defendant sold a total of more than 1,000 grams of a controlled substance containing methamphetamine to a confidential informant or an undercover agent. These controlled buys were audio recorded. Additionally, during a traffic stop of Defendant conducted in conjunction with the last controlled buy, approximately 110 grams of methamphetamine were found in Defendant's vehicle. Also in the vehicle were three minor children, including Defendant's 9-year-old son.

Although Defendant has not been indicted, the Court finds there is probable cause to support the complaint and that the evidence presented weighs in favor of detention.

C. <u>The History and Characteristics of the Defendant</u>.

In considering the history and characteristics of a defendant, the court considers such matters as the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. 18 U.S.C. § 3142(g).

The following information is obtained from the Pretrial Services Report: Defendant is 33 years old and resides with his girlfriend in Pensacola, Florida. He has worked at a local restaurant for the past 4 months. He also admitted to using marijuana.

Defendant's criminal history starts at the age of 15 and includes criminal convictions for removal of a serial number on a firearm and resisting arrest. Although Defendant was given probation for those offenses, the probation was "unfavorably terminated due to aggression" and other violations. At the age of 17, Defendant was adjudicated delinquent for aggravated assault and battery. Upon reaching the age of majority, Defendant's criminal conduct continued. He pled no contest to resisting arrest without violence at age 19 and 21 and violated his probation in both instances. At the age of 23, Defendant was charged and convicted of his first drug felony – possession of cocaine with intent to sell. He was sentenced

to a little more than 11 months in custody and after getting out of custody, pled guilty to possession of marijuana. Then two years later, in 2019, Defendant was found guilty of two separate battery charges, including one felony battery charge. And while on probation for the felony battery charge, Defendant was found guilty of a third misdemeanor battery charge, resulting in a revocation of probation.

While Defendant argues his last serious drug felony conviction was 10 years ago, the Court cannot overlook the continuous criminal conduct over the span of Defendant's lifetime, the multiple violations of probation, the amount of drugs at issue, or the more recent battery convictions.

Moreover, it cannot be disputed that drug dealing is "a violence-prone business." *United States v. Lane*, 252 F.3d 905, 907 (7th Cir. 2001); *see United States v. Caro*, 597 F.3d 608, 624 (4th Cir. 2010) ("[I]llegal drugs have long and justifiably been associated with violence."); *United States v. Diaz*, 864 F.2d 544, 549 (7th Cir. 1988) (noting that "the illegal drug industry is, to put it mildly, a dangerous, violent business"). Undoubtedly "society is endangered when courts release those individuals into the community whose past conduct indicates that they are likely to possess, control or distribute controlled substances." *United States v. Anderson*, 670 F.2d 328, 330-31 (D.C. Cir. 1982). "[D]rug offenders pose a special risk of flight and dangerousness to society." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

Thus, the Court finds that Defendant's history and characteristics weigh in favor of detention.

D. <u>The Nature and Seriousness of the Danger Posed by Release</u>.

In determining whether detention is necessary, a court "makes a judgment about the persuasiveness of the evidence offered by each party[.]" *United States v. Clum*, 492 F. App'x 81, 85 (11th Cir. 2012). Here, Defendant did not proffer any evidence to show that he would not be a danger to the community if released, including by continuing to sell or supply drugs. The only argument Defendant made to the Court was that he was willing to accept any conditions the Court imposed and that he wants to attend a child protective services hearing for his son, who was taken by child protective services when he was arrested. Those arguments, however, are simply insufficient to overcome the presumption in favor of detention in this case.

To the contrary, it is concerning to the Court that Defendant had his 9-year-old child and other juveniles with him in a vehicle containing more than 100 grams of methamphetamine and while going to a conduct a drug transaction. As one judge has stated, "[t]he Defendant's participation in the drug trade demonstrates Defendant's disregard for the well-being of the community since the purchase and sale of addictive and dangerous controlled substances is inherently harmful to society." *United States v. Marquez*, 2011 WL 232421, at *3 (S.D. Fla. Jan. 24, 2011). That disregard is heightened here because, as discussed above, violence is

3:25-mj-245-HTC

often associated with the sale of drugs and Defendant, arguably, placed his son in danger by exposing him to the drug activity.  Thus, the Court finds there is a serious danger to the community if Defendant is released and does not find that there are any conditions that can be imposed which would reasonably assure the Court that Defendant will not continue to sell drugs while on release or engage in other criminal conduct.

Accordingly, the Court **ORDERS** that Defendant be held in the custody of the Attorney General or her designated representative pending trial in this matter. The Attorney General or her designated representative shall, to the extent practicable, confine Defendant separate from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity to consult with counsel in private while in custody.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 14th day of August, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

3:25-mj-245-HTC